## JASE MURPHY v. THE STATE.

*No. 2843.   Decided February 1.*

**Murder—Fact Case.**—See the statement of the case for evidence *held* sufficient to support a capital conviction for murder.

APPEAL from the District Court of Burleson. Tried below before Hon. C. C. Garrett.

The death penalty was assessed against the appellant upon his conviction in the first degree for the murder of his wife, Fannie Murphy.

Cy. Johnson testified for the State in substance, that he was present and witnessed the cutting of Fannie Murphy by the defendant, her husband. It occurred a few minutes after defendant's return from the Tew bottom, where he had been several days at work. Witness was standing at the door of the defendant's house when he arrived. His wife was in the house sewing. Defendant said "howdy" to witness as he passed into the room. He then stooped over his wife's chair and kissed her. He then produced a bottle of whisky, took a drink, and gave a drink to witness and his wife. He then proceeded to tell about the work he had done since he left home, and finally asked his wife why she did not go to the Tew bottom to see him as she promised to do. She replied that she had nothing to ride, and did not know the way. He remarked, "You did not want to come." Defendant then seized a smoothing iron and proceeded to knock out both ends of a barrel that was standing by the door. Deceased said something to witness about the iron belonging to

Sarah Montgomery, who arrived about that time and asked for the iron. Deceased stooped to pick up the iron from the floor where defendant had thrown it.   Witness then turned around for some purpose, and while his back was to the parties he heard a blow, and deceased exclaimed, "Oh! Mr. Johnson, help me!"   Witness turned and saw that defendant had cut his wife in the back.   Defendant then threw deceased down, placed his knee on her breast and raised his knife to strike again.   Witness caught his hand, when he ordered witness to release him, threatening witness if he did not:   Witness being a cripple obeyed.   He then dragged his wife out of doors and cut her in the arm, leg, and neck, and in the stomach, but witness did not see him strike either blow.   Mrs. Murphy was placed on the bed and died during the day.

Sarah Montgomery testified for the State that she witnessed the cutting.   She went to defendant's house and asked deceased for her smoothing iron.   Fannie stooped to pick it up from the floor, when defendant cut her in the back.   Fannie started to run, but struck her foot against a table leg and fell.   Defendant thereupon pulled up her clothes and cut her across the stomach.   Witness ran off but soon afterwards returned, and found that Fannie had been cut on both arms, legs, neck, and in the back and across the stomach.   She died during the day.   Witness heard no quarreling.

No brief for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WILLSON, JUDGE.—In September, 1889, in Burleson County, the defendant killed his wife, Fannie, by stabbing her several times with a knife, for which act he has been convicted of murder in the first degree and the death penalty assessed against him.   He has appealed from said conviction to this court, but there has been no appearance in his behalf on his appeal.

We have given the record a careful examination, and find no error in the conviction.   In all respects he appears to have had a fair and impartial trial in strict accordance with the law.   There are but few facts in the case, but they are uncontradicted and establish conclusively a most unprovoked, inhuman, and deliberate murder.

The judgment is affirmed.

*Affirmed.*

Hurt, J., absent.